

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 17, 2014

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1910
New York, New York 10007

      Re:    **United States v. Frank Wright,**
               **12 Cr. 863 (LAP)**

Dear Judge Preska:

      On June 23, 2014 the defendant in the above-referenced matter pleaded guilty before Magistrate Judge James C. Francis IV. The Government respectfully requests that Your Honor accept the defendant's plea.

      I respectfully enclose for the Court's consideration a proposed Order accepting the guilty plea as well as the transcript of the guilty plea allocution.

                                                  Respectfully submitted,

                                                  PREET BHARARA
                                                  United States Attorney

                By:   _/s/ Brendan F. Quigley_____
                                                  Brendan F. Quigley
                                                  Assistant United States Attorney
                                                  (212) 637-2190

cc: Edward Wilford, Esq. (by ECF)

Enclosure

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
                                         :
 UNITED STATES OF AMERICA                :
                                         :    ORDER
          - v. -                         :
                                         :    12 Cr. 863 (LAP)
 FRANK WRIGHT,                           :
                                         :
                    Defendant.           :
                                         :
                                         :
- - - - - - - - - - - - - - - - - - - - x
```

    WHEREAS, with the defendant's consent, his guilty plea allocution was made before a United States Magistrate Judge on June 23, 2014;

    WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

    WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

    IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

Dated:   New York, New York
         July ___, 2014

                                    _____
                                    THE HONORABLE LORETTA A. PRESKA
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF NEW YORK

E6NUWRIP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA

       v.                      12 CR 863(LAP)

FRANK WRIGHT,

           Defendant.

------------------------------------x

                                New York, N.Y.
                                June 23, 2014
                                11:40 a.m.

Before:

                JAMES C. FRANCIS IV

                            Magistrate Judge

                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  BRENDAN F. QUIGLEY
     Assistant United States Attorney

EDWARD D. WILFORD
ALEXANDRA TSEITLIN
     Attorneys for Defendant

              SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

| | |
|---|---|
| 1 | THE DEPUTY CLERK:  U.S. v. Frank Wright. |
| 2 | Counsel, please state your name for the record. |
| 3 | MR. QUIGLEY:  Good morning, your Honor. |
| 4 | Brendan Quigley for the government. |
| 5 | MR. WILFORD:  Edward Wilford and Alexandra Tseitlin of |
| 6 | the Southern District mentoring program for Mr. Wright. |
| 7 | Mr. Wright is present, seated between us. |
| 8 | THE COURT:  Mr. Wright, I am Judge Francis. |
| 9 | You are charged in Count 1 of the indictment with |
| 10 | violation of Title 21 of the United States Code, Section 846 |
| 11 | which makes it an offense to conspire to manufacture, |
| 12 | distribute, or dispense a controlled substance. |
| 13 | The indictment charges possession with intent to |
| 14 | distribute 28 grams or more of crack, however, under the plea |
| 15 | agreement, I understand that you are prepared to plead to a |
| 16 | quantity, a detectable amount of crack cocaine in violation of |
| 17 | Title 21, United States Code, Section 841(b)(1)(C). |
| 18 | You have the right to enter your plea before a United |
| 19 | States district judge, however, a United States magistrate |
| 20 | judge may also take your plea provided that you consent to that |
| 21 | procedure. |
| 22 | I have before me a consent form.  Have you read and do |
| 23 | you understand that form and did you sign it? |
| 24 | THE DEFENDANT:  Yes. |
| 25 | THE COURT:  I am going to ask you some questions in |

1    connection with your plea.
2            Please raise your right hand.
3            (Defendant sworn)
4            THE COURT:  Please state your full name.
5            THE DEFENDANT:  Frank Wright.
6            THE COURT:  What is your education?
7            THE DEFENDANT:  12th grade.
8            THE COURT:  Are you now or have you recently been
9    under the care of a doctor or a psychiatrist for any reason?
10           THE DEFENDANT:  No, sir.
11           THE COURT:  Are you currently taking any medications?
12           THE DEFENDANT:  No.
13           THE COURT:  Have you ever been treated for alcoholism
14   or drug addiction?
15           THE DEFENDANT:  No, sir.
16           (Discussion off the record between defendant and
17   counsel)
18           THE DEFENDANT:  Yes.  Yes.
19           THE COURT:  Have you had any narcotic substance within
20   the last week?
21           THE DEFENDANT:  No, sir.
22           THE COURT:  And any alcoholic beverage within the last
23   two days?
24           THE DEFENDANT:  No, sir.
25           THE COURT:  Are you feeling all right today?

E6NUWRIP

1    THE DEFENDANT:  Yes.
2    THE COURT:  Have you received a copy of the
3 indictment, the document that charges you?
4    THE DEFENDANT:  Yes.
5    THE COURT:  Have you read it and do you understand
6 what it says that you did?
7    THE DEFENDANT:  Yes, sir.
8    THE COURT:  Do you need me to read it to you?
9    THE DEFENDANT:  No.
10   THE COURT:  Have you had time to talk to your attorney
11 about the charges and about how you wish to plead?
12   THE DEFENDANT:  Yes, sir.
13   THE COURT:  Are you satisfied with your attorney?
14   THE DEFENDANT:  Yes.
15   THE COURT:  Are you ready to plead at this time?
16   THE DEFENDANT:  Yes, sir.
17   THE COURT:  What is your plea to Count 1?
18   THE DEFENDANT:  Guilty.
19   THE COURT:  I need to determine whether your plea of
20 guilty is voluntary and whether you fully understand the
21 charges against you and the possible consequences of your plea,
22 so I am going to ask you some additional questions.
23       I remind you that the charge against you is conspiracy
24 to distribute and possession with the intent to distribute
25 substances containing a detectable amount of cocaine base.  The

E6NUWRIP

1  law provides as a penalty, a term of imprisonment of up to 20
2  years, a term of supervised release with a mandatory minimum of
3  three years and a maximum of life, a maximum fine which is the
4  greatest of $1 million or twice any gain derived from the
5  offense or twice the loss to any person other than yourself as
6  a result of the offense and a mandatory $100 special
7  assessment.  Do you understand those penalties?
8           THE DEFENDANT:  Yes, sir.
9           THE COURT:  Do you understand that if you are
10 sentenced to prison and released on supervised release and you
11 violate the terms of supervised release, you would be returned
12 to prison without credit for the time spent on supervised
13 release?  Do you understand that?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  Do you understand that as part of any
16 sentence, the Court would require you to make restitution to
17 any victims of the crime?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Do you understand that you are admitting
20 to the forfeiture allegation in the indictment, which means
21 that you agree to forfeit any money or property obtained as a
22 result of the offense or used to facilitate the offense?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Do you understand that if you are not a
25 United States citizen, you would be subject to deportation on

1   the basis of your conviction?

2       THE DEFENDANT:  Yes.

3       THE COURT:  Do you understand that you have the right
4   to plead not guilty and the right to a jury trial on these
5   charges?

6       THE DEFENDANT:  Yes.

7       THE COURT:  Do you understand that if you plead not
8   guilty and go to trial, the burden would be on the government
9   to prove your guilt beyond a reasonable doubt?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Do you understand that at a trial you
12  would be presumed innocent until the government proves your
13  guilt?

14      THE DEFENDANT:  Yes.

15      THE COURT:  Do you understand that you have the right
16  to be represented by an attorney at trial and at all other
17  stages of the proceedings and, if necessary, an attorney would
18  be appointed for you?

19      THE DEFENDANT:  Yes.

20      THE COURT:  Do you understand that at a trial you
21  would have the right to confront and question any witnesses who
22  testify against you and the right not to be forced to testify
23  against yourself?

24      THE DEFENDANT:  Yes.

25      THE COURT:  Do you understand that at a trial you

1 would be the entitled to testify in your own behalf, to present
2 evidence, to call witnesses to testify and to subpoena those
3 witnesses if necessary?
4     THE DEFENDANT: Yes.
5     THE COURT: Do you understand that if you plead guilty
6 there will be no trial of any kind and the trial related rights
7 that I have just described would no longer apply and the only
8 remaining step would be for the court to sentence you?
9     THE DEFENDANT: Yes.
10    THE COURT: Do you understand the nature of the charge
11 to which you are pleading?
12    THE DEFENDANT: Yes, sir.
13    THE COURT: Do you understand the range of penalties
14 including the maximum sentence that you could receive on the
15 basis of your plea?
16    THE DEFENDANT: Yes.
17    THE COURT: Have you and your attorney talked about
18 how the sentencing commission guidelines might apply in your
19 case?
20    THE DEFENDANT: Yes.
21    THE COURT: Do you understand that the court will not
22 be able to determine the guidelines for your case until a
23 presentence report has been prepared and you and the government
24 have had the opportunity to challenge any facts reported there?
25    THE DEFENDANT: Yes.

E6NUWRIP

1    THE COURT:  Do you understand that after it has been
2  determined what guidelines apply to a case, the court has the
3  authority in some circumstances to impose a sentence that is
4  more severe or less severe than that called for by the
5  guidelines?
6    THE DEFENDANT:  Yes.
7    THE COURT:  Do you understand that in determining the
8  sentence the court will consider, in addition to the guidelines
9  and possible departures from those guidelines, all of the
10 factors set forth in the statute that is 18, United States
11 Code, Section 3553(a)?
12   THE DEFENDANT:  Yes.
13   THE COURT:  Do you understand that under some
14 circumstances you or the government may have the right to
15 appeal the sentence?
16   THE DEFENDANT:  Ye, sir.
17   THE COURT:  Do you understand that there is no parole
18 and if you are sentenced to prison you will not be released on
19 parole?
20   THE DEFENDANT:  Yes.
21   THE COURT:  Do you understand that the answers you
22 give to me today under oath may in the future be used against
23 you in a prosecution for perjury or false statement if you do
24 not tell the truth?
25   THE DEFENDANT:  Yes.

E6NUWRIP

1      THE COURT:  Do you still wish to plead guilty?
2      THE DEFENDANT:  Yes.
3      THE COURT:  Have any threats been made to you by
4  anyone to get you to plead guilty?
5      THE DEFENDANT:  No.
6      THE COURT:  Have any promises been made concerning the
7  sentence that you will receive?
8      THE DEFENDANT:  No.
9      THE COURT:  I have before me a plea agreement dated
10  May 27, 2014.  Have you read and do you understand that plea
11  agreement and did you sign it?
12      THE DEFENDANT:  Yes.
13      THE COURT:  That plea agreement contains a sentencing
14  guidelines calculation.  Do you understand that if you are
15  sentenced within or below the guideline range indicated, that
16  you are agreeing not to appeal or otherwise challenge your
17  sentence?
18      THE DEFENDANT:  Yes.
19      THE COURT:  Do you also understand that you are
20  agreeing not to appeal or challenge your conviction on the
21  ground that the government has failed to produce discovery
22  material or information that might tend to prove your
23  innocence?
24      THE DEFENDANT:  Yes.
25      THE COURT:  Do you also understand that if your plea

E6NUWRIP

1   is vacated for any reason, you are agreeing not to challenge
2   any future prosecution on the ground that it is time barred?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Apart from what is contained in this plea
5   agreement, has anyone promised you anything whatsoever in
6   connection with your plea?
7           THE DEFENDANT:  No, sir.
8           THE COURT:  Does the government wish to set forth on
9   the record the elements that it would prove at trial?
10          MR. QUIGLEY:  Yes, your Honor.
11          There are two elements to the offense charged:  First
12  is the existence of the conspiracy charged in the indictment,
13  that is, that there was in fact an agreement among people to
14  distribute crack cocaine during the time periods charged in the
15  indictment; and, second, that the defendant knowingly and
16  willfully became a member of the conspiracy.
17          THE COURT:  Thank you.
18          Mr. Wright, do you understand that if you were to go
19  to trial, the government would have to prove those elements
20  beyond a reasonable doubt?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Is your plea voluntary and made of your
23  own free will?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Did you commit the offense charged?

1           THE DEFENDANT:  Yes.
2           THE COURT:  Tell me what you did.
3           THE DEFENDANT:  April 21st -- 24th, I sold a substance
4    to Olivera.
5           THE COURT:  I'm sorry.  You sold a substance to?
6           THE DEFENDANT:  Olivera.
7           THE COURT:  Who is who?
8           THE DEFENDANT:  The co-conspirator.
9           THE COURT:  That substance was crack cocaine?
10          THE DEFENDANT:  Yes, sir.
11          THE COURT:  Was that April 24th of this year?
12          THE DEFENDANT:  Of 2012.
13          THE COURT:  At the time you did that, you knew what
14   you were doing was wrong?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Does the government have any other
17   questions that need to be asked?
18          MR. QUIGLEY:  No, your Honor.
19          THE COURT:  Do you know of any reason why the
20   defendant should not plead guilty?
21          MR. QUIGLEY:  No, your Honor.
22          THE COURT:  Mr. Wilford, do you know of any such
23   reason?
24          MR. WILFORD:  None whatsoever, your Honor.
25          THE COURT:  I am satisfied that the defendant

E6NUWRIP

```
 1    understands the nature of the charge against him and the
 2    consequences of a plea of guilty.  I am also satisfied that the
 3    plea is voluntary and knowing and that there is a factual basis
 4    for it.  I will therefore recommend that Chief Judge Preska
 5    accept the defendant's plea of guilty to Count 1 of the
 6    indictment.
 7              Do we have a sentencing date?
 8              MR. QUIGLEY:  Not yet, your Honor.  We would ask for a
 9    control date 90 days out.
10              THE COURT:  September 23rd is the control date and a
11    presentence report will be prepared.
12              The government will provide the case statement to
13    probation within the next two weeks?
14              MR. QUIGLEY:  Yes, your Honor.
15              THE COURT:  Mr. Wilford, would you be available for
16    your client's interview during that period?
17              MR. WILFORD:  Yes, your honor.
18              THE COURT:  Any requests with respect to the
19    conditions of detention or release?
20              MR. QUIGLEY:  No, your Honor.
21              MR. WILFORD:  No, your Honor.
22              THE COURT:  that will continue.
23              Thank you all.
24
25                            o   0   o
```