

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 18, 2014

Susan V. Tipograph, Esq.
11 Park Place, Suite 914
New York, NY 10007

            **Re: *United States* v. *Jermaine Nibbs*, S2 12 Cr. 863 (LAP)**

Dear Ms. Tipograph:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Jermaine Nibbs ("the defendant") to Count One of the above-referenced Indictment. Count One charges the defendant with participating in a conspiracy to distribute, and possess with the intent to distribute, 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," from at least in or about November 2011, up to and including in or about October 2012, in violation of Title 21, United States Code, Sections 841(b)(1)(B) and 846. Pursuant to 21 U.S.C. § 841(b)(1)(B), this offense carries a maximum sentence of 40 years' imprisonment, a mandatory minimum sentence of five years' imprisonment, a maximum fine pursuant to Title 21, United States Code, Section 841(b)(1)(B) and Title 18, United States Code, Section 3571, of the greatest of $5,000,000, twice the gross pecuniary gain derived from the offense, or twice the pecuniary loss to persons other than the defendant resulting from the offense; and a mandatory $100 special assessment, a maximum term of supervised release of life and a mandatory minimum term of supervised release of four years. In addition to the foregoing, the Court must order restitution in accordance with Sections 3663, 3663A and 3664 of Title 18, United States Code.

      In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for conspiring to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," from at least in or about November 2011, up to and including in or about October 2012, as alleged in Count One of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq*. The Government will also refrain from filing prior felony informations in connection with this case, arising from the defendant's convictions (i) on or about February 25, 1999 in Bronx County Supreme Court for Attempted Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39, a Class C Felony and (ii) on or about August 25, 2004 in Albany County Court for Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39, a Class B Felony.

Susan Tipograph, Esq.                                                                                                  Page 2

In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Indictment and agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the commission of the offense alleged in Count One of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count One of the Indictment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.C.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A.   Offense Level

1.   The Guidelines provisions in effect as of November 1, 2013 apply in this case.

2.   Pursuant to U.S.S.G. § 2D1.1(c)(7), the base offense level is 26 because the offense involved at least 28 grams but less than 112 grams of cocaine base.

3.   Because the defendant was at least 18 years old at the time he committed the instant offense, the instant offense is a felony controlled substance offense, and the defendant has at least two prior felony convictions for controlled substances offenses, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. Accordingly the offense level is increased to 34, pursuant to U.S.S.G. § 4B1.1(b)(2), because the statutory maximum penalty for the offense conduct is 25 years or more.

4.   Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to § 3E1.1(a), U.S.S.G. Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), U.S.S.G, because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 31.

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has 10 criminal history points, calculated as follows:

1. On or about September 26, 1997, the defendant was convicted in Poughkeepsie City Court of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law § 220.03, a Class A Misdemeanor, and sentenced to three years' probation. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in no criminal history points.

2. On or about February 20, 1998, the defendant was convicted in Albany City Court of Criminal Possession of Stolen Property in the Fifth Degree, in violation of New York Penal Law § 165.40, a Class A Misdemeanor, and sentenced to 75 days' imprisonment. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in no criminal history points.

3. On or about August 21, 1998, the defendant was convicted in Albany City Court of Criminal Possession of Marihuana in the Fifth Degree, in violation of New York Penal Law § 221.05, a Violation, and sentenced to a fine. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in no criminal history points.

4. On or about March 4, 1999, the defendant was convicted in Albany City Court of Criminal Possession of Stolen Property in the Fifth Degree, in violation of New York Penal Law § 165.40, a Class A Misdemeanor, and sentenced to time served. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in no criminal history points.

5. On or about February 25, 1999, the defendant was convicted in Bronx County Supreme Court of Attempted Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39, a Class C Felony, and sentenced to one to three years' imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this sentence results in three criminal history points.

6. On or about April 13, 2000, the defendant was convicted in Albany City Court of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law § 220.03, a Class A Misdemeanor, and sentenced to time served. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in no criminal history points.

7. On or about June 25, 2002, the defendant was convicted in Bronx County Supreme Court of Criminal Possession of a Controlled Substance in the Seventh Degree, in violation of New York Penal Law § 220.03, a Class A Misdemeanor, and sentenced to one year imprisonment. Pursuant to U.S.S.G. § 4A1.1(b), this sentence results in two criminal history points.

8. On or about April 11, 2004, the defendant was convicted in Bronx County Criminal Court of Driving While Ability Impaired by the Consumption of Alcohol, in violation of New York Vehicle and Traffic Law 1192(1), an Infraction, and sentenced to 15 days' imprisonment. Pursuant to U.S.S.G. § 4A1.2(c)(1) and *United States* v. *Gonzalez-Rivera*, No.

05 Cr. 402 (KMW), 2011 WL 4916395 (S.D.N.Y. Oct. 17, 2011), this sentence results in no criminal history points.

        9.    On or about August 25, 2004, the defendant was convicted in Albany County Court of Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39, a Class B Felony, and sentenced to two to four years' imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this sentence results in three criminal history points.

        10.    On or about April 24, 2010, the defendant was convicted in Bronx County Criminal Court of Unlawful Possession of Marihuana, in violation of New York Penal Law § 221.05, a Violation, and sentenced to a fine. Pursuant to U.S.S.G. § 4A1.1(c), this sentence results in one criminal history point.

        11.    On or about July 13, 2011, the defendant was convicted in Bronx County Criminal Court of Unlawful Possession of Marihuana, in violation of New York Penal Law § 221.05, a Violation, and sentenced to a fine. Pursuant to U.S.S.G. § 4A1.1(c), this sentence results in one criminal history point. .

Although the defendant has 10 criminal history points and his Criminal History Category would otherwise be V, the convictions described in paragraphs 5 and 9, above, require his treatment as a career offender, as defined in U.S.S.G. § 4B1.1. Accordingly, pursuant to U.S.S.G. § 4B1.1(b), the defendant's Criminal History Category is VI.

    C.    Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 188 to 235 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 31, the applicable fine range is $15,000 to $5,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Office consider such a departure or adjustment under the Guidelines, or suggest that the Court *sua sponte* consider any such departure or adjustment.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range of 188 to 235 months, suggest that the Probation Office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as

Susan Tipograph, Esq.                                                                                         Page 5

the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); and (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's Criminal History Category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 188 to 235 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to

appeal any fine that is less than or equal to $5,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $15,000.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
Brendan F. Quigley/Rahul Mukhi/Daniel B. Tehrani
Assistant United States Attorneys
(212) 637-2190/1581/2455

APPROVED:

_____
Jenna Dabbs
Chief, Narcotics Unit


AGREED AND CONSENTED TO:

_____            7-24-14
Jermaine Nibbs                                                DATE


APPROVED:

_____            7-24-14
Susan Tipograph, Esq.                                      DATE
Attorney for Jermaine Nibbs