```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                              12 CR 863 (LAP)

JERMAINE NIBBS,

               Defendant.
------------------------------x
                                          New York, N.Y.
                                          July 24, 2014
                                          3:50 p.m.

Before:

                    HON. LORETTA A. PRESKA,

                                          District Judge

                          APPEARANCES

PREET BHARARA,
     United States Attorney for the
     Southern District of New York
DANIEL TEHRANI
     Assistant United States Attorney

SUSAN TIPOGRAPH
     Attorney for Defendant
```

1              THE COURT:  United States against Jermaine Nibbs.
2              Is the government ready?
3              MR. TEHRANI:  Yes, your Honor.  Daniel Tehrani for the
4    government.
5              THE COURT:  Good afternoon.  And is the defense ready?
6              MS. TIPOGRAPH:  Yes.  Good afternoon, your Honor.
7    Susan Tipograph appearing for Mr. Nibbs.
8              THE COURT:  Good afternoon.  Do I correctly understand
9    that Mr. Nibbs wishes to change his plea?
10             MS. TIPOGRAPH:  That is correct.
11             THE COURT:  Very well.
12             (Defendant sworn)
13             THE COURT:  Sir, do you understand that you are now
14   under oath and if you answer falsely, your answers may later be
15   used against you in a prosecution for perjury or the making of
16   a false statement?
17             THE DEFENDANT:  Yes.
18             THE COURT:  How old are you, sir?
19             THE DEFENDANT:  Thirty-four.
20             THE COURT:  And where were you born?
21             THE DEFENDANT:  In the Bronx.
22             THE COURT:  So, you're a citizen of the United States?
23             THE DEFENDANT:  Yes.
24             THE COURT:  And you read, write, speak and understand
25   English; is that correct?

1            THE DEFENDANT:  Yes.
2            THE COURT:  Are you currently, or have you recently
3    been, under the care of a doctor or a psychiatrist?
4            THE DEFENDANT:  No.
5            THE COURT:  Have you been hospitalized or treated
6    recently for alcoholism, narcotic addiction, or any other type
7    of drug abuse?
8            THE DEFENDANT:  No.
9            THE COURT:  Have you ever been treated for any form of
10   mental illness?
11           THE DEFENDANT:  Yes.
12           THE COURT:  And what illness was that, sir?
13           THE DEFENDANT:  Schizophrenia.
14           THE COURT:  And does your treatment continue, sir?
15           THE DEFENDANT:  I take medication, yeah.
16           THE COURT:  All right.  Thank you.
17           Are you currently under the influence of any
18   substance -- such as alcohol, drugs, or any medication -- that
19   might affect your ability to understand what you're doing here
20   in court today?
21           THE DEFENDANT:  No.
22           THE COURT:  And do you feel well enough to understand
23   what you're doing here in court today?
24           THE DEFENDANT:  Yes.
25           THE COURT:  And, Ms. Tipograph, have you had the

1     opportunity to talk with Mr. Nibbs today and are you satisfied
2     that he is competent to be in these proceedings?
3              MS. TIPOGRAPH:  I most certainly am, Judge.
4              THE COURT:  Thank you for that.
5              Now, Mr. Nibbs, have you received a copy of the
6     indictment against you, S2:12 CR 863?
7              THE DEFENDANT:  Yes, your Honor.
8              THE COURT:  Have you gone over it with Ms. Tipograph?
9              THE DEFENDANT:  Yes.
10             THE COURT:  And has she explained the charges against
11    you?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Have you told her everything you know
14    about the matters that are set out in that indictment?
15             THE DEFENDANT:  Yes.
16             THE COURT:  You didn't hold anything back from her,
17    did you, sir?
18             THE DEFENDANT:  No.
19             THE COURT:  Thank you.
20             Counsel, do I correctly understand that there is an
21    agreement between the defendant and the government which is
22    dated June 18, 2014, and signed July 24, 2014?
23             MS. TIPOGRAPH:  That is correct, from the defense,
24    Judge.
25             MR. TEHRANI:  That's correct, your Honor.

1            THE COURT:  Mr. Tehrani, would you be kind enough to
2    summarize the terms and conditions of the agreement?
3            MR. TEHRANI:  Certainly, your Honor.
4            In connection with the defendant's plea, the parties
5    have agreed on the offense level and guidelines calculation,
6    namely, that the applicable guidelines range or stipulated
7    guidelines range is 188 to 235 months' imprisonment.  The
8    parties have agreed on that calculation but acknowledge that
9    that agreement binds neither the probation office nor the
10   Court.  The defendant has agreed not to file a direct appeal or
11   to otherwise collaterally challenge any sentence within or
12   below the guidelines range of 188 to 235 months' imprisonment.
13           There are obviously other provisions of the agreement,
14   but those are the main ones, in summary.
15           THE COURT:  Thank you.
16           Mr. Nibbs, are those the terms and conditions of the
17   agreement, as you understand them?
18           THE DEFENDANT:  Yes, your Honor.
19           THE COURT:  And have you had enough time to review the
20   agreement and to go over it with Ms. Tipograph and to have all
21   of your questions answered?
22           THE DEFENDANT:  Yes, your Honor.
23           THE COURT:  And do you recall that in this agreement
24   you and the government have agreed to a stipulated guidelines
25   range of 188 to 235 months' imprisonment?

1           THE DEFENDANT:  Yes, your Honor.
2           THE COURT:  And do you recall, sir, that in this
3    document you have agreed that you will not appeal or otherwise
4    litigate a sentence that is within or below that 188- to
5    235-month range?
6           THE DEFENDANT:  Yes, your Honor.
7           THE COURT:  Now, sir, I'm holding up the original of
8    the agreement, and I am turning to the last page.
9           Is that your signature over there on the left-hand
10   side, under the words "Agreed and Consented To"?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT:  And am I correct, sir, that your
13   willingness to offer to plead guilty is in part a result of
14   this agreement between you and the government?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Counsel, are there any additional
17   agreements between the defendant and the government that are
18   not set forth in the written plea agreement?
19          MR. TEHRANI:  No, your Honor.
20          MS. TIPOGRAPH:  No, there is not, your Honor.
21          THE COURT:  Very well then.
22          Mr. Nibbs, have you been induced to offer to plead
23   guilty as a result of any fear, pressure, threat or force of
24   any kind?
25          THE DEFENDANT:  None, no, your Honor.

1          THE COURT:  Have you been induced to offer to plead
2     guilty as a result of any statements by anyone, other than in
3     your written plea agreement, to the effect that you'd get
4     special treatment or special leniency or some kind of special
5     consideration if you pleaded guilty rather than going to trial?
6          THE DEFENDANT:  No, your Honor.
7          THE COURT:  Thank you.
8          And, sir, do you understand that you have the right to
9     continue in your plea of not guilty and to proceed to trial if
10    you wanted to?  Do you understand that?
11         THE DEFENDANT:  Yes, your Honor.
12         THE COURT:  And do you understand that you have the
13    right to be represented by an attorney at trial and at every
14    stage of the proceedings, including an appeal?  And if you
15    cannot afford an attorney, one will be appointed to represent
16    you free of charge.  Do you understand that, sir?
17         THE DEFENDANT:  Yes, your Honor.
18         THE COURT:  Do you understand that if your plea of
19    guilty is accepted, there will be no further trial of any kind?
20         THE DEFENDANT:  Yes, your Honor.
21         THE COURT:  And do you understand that if you pleaded
22    not guilty and went to trial, that upon such a trial, you would
23    be presumed innocent unless and until the government proved
24    your guilt beyond a reasonable doubt, to all 12 jurors?
25         THE DEFENDANT:  Yes, your Honor.

1           THE COURT:  And do you understand that at such a
2    trial, you would have the right to confront and cross-examine
3    all of the witnesses called by the government against you?
4           THE DEFENDANT:  Yes, your Honor.
5           THE COURT:  And do you understand that at such a trial
6    you could remain silent and no inference could be drawn against
7    you by reason of your silence, or, if you wanted to, you could
8    take the stand and testify in your own defense?
9           THE DEFENDANT:  Yes, your Honor.
10          THE COURT:  Do you understand that if your offer to
11   plead guilty is accepted, you give up these rights with respect
12   to this charge and the Court may impose sentence just as though
13   a jury had brought in a verdict of guilty against you?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  And do you understand that if you wanted
16   to, and if the government agreed, you could have a trial before
17   a judge without a jury, in which event the burden of proof
18   would still be on the government and you would still have the
19   same constitutional rights?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  And do you understand, sir, that upon your
22   plea of guilty to this charge, the Court has the power to
23   impose upon you a maximum sentence of 40 years in prison, a
24   mandatory minimum sentence of five years in prison, a maximum
25   fine of the greatest of $5 million, twice the gross pecuniary

1    gain derived from the offense, or twice the gross pecuniary
2    loss resulting from the offense, a mandatory $100 special
3    assessment, a maximum period of supervised release of life, and
4    a mandatory minimum period of supervised release of four years?
5             THE DEFENDANT:  Yes, your Honor.
6             THE COURT:  And, sir, do you also understand that in
7    addition to those punishments I've just mentioned, upon your
8    plea of guilty to this charge, the Court also has to order you
9    to make restitution?
10            THE DEFENDANT:  Yes, your Honor.
11            THE COURT:  Sir, do you understand that if the terms
12   and conditions of supervised release are violated, the Court
13   has the power to impose upon you an additional period of
14   imprisonment which is equal to the period of supervised
15   release, with no credit or time off for time already spent on
16   supervised release?
17            THE DEFENDANT:  Yes, your Honor.
18            THE COURT:  Sir, have you discussed the sentencing
19   guidelines with your attorney?
20            THE DEFENDANT:  Yes.
21            THE COURT:  And do you understand that the Court will
22   not be able to determine exactly what guideline applies to your
23   case until after a presentence report has been completed and
24   you and your attorney have a chance to read it and to challenge
25   the facts set out there by the probation officer?

1      THE DEFENDANT:  Yes, your Honor.

2      THE COURT:  And do you also understand, sir, that in
3 calculating a sentence, it's the Court's obligation to
4 calculate the applicable sentencing guideline range and then to
5 consider that range, possible departures from that range under
6 the guidelines, and other sentencing factors set out in the
7 statute, 18, United States Code, Section 3553(a)?

8      THE DEFENDANT:  Yes, your Honor.

9      THE COURT:  And do you understand, sir, that under
10 some circumstances, as set forth in your plea agreement, you or
11 the government might have the right to appeal whatever sentence
12 is imposed?

13     THE DEFENDANT:  Yes, your Honor.

14     THE COURT:  And do you understand that parole has been
15 abolished and if you're sentenced to prison, you will not be
16 released on parole?

17     THE DEFENDANT:  Yes, your Honor.

18     THE COURT:  Do you understand that the offense to
19 which you're pleading guilty is a felony?

20     THE DEFENDANT:  Yes, your Honor.

21     THE COURT:  And, sir, are you fully satisfied with the
22 advice, counsel and representation given to you by your
23 attorney, Ms. Tipograph?

24     THE DEFENDANT:  Yes, your Honor.

25     THE COURT:  And do I correctly understand that you are

1    offering to plead guilty because you are in fact guilty?
2              THE DEFENDANT:  Yes.
3              THE COURT:  If you still wish to plead guilty, sir,
4    I'm going to ask you to tell me what you did.  As you can see,
5    your answers will be made in Ms. Tipograph's presence and your
6    answers will be recorded on the record.  I remind you that
7    you're still under oath, so, if you answer falsely, your
8    answers may later be used against you.
9              Do you understand, sir?
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  And do you still wish to plead guilty?
12             THE DEFENDANT:  Yes, your Honor.
13             THE COURT:  Tell me what you did, Mr. Nibbs.
14             THE DEFENDANT:  For some time -- sometime between
15   November 2011 and October 2012, I agreed with other people to
16   distribute 28 or more grams of crack cocaine.  This took place
17   in the Bronx, New York.  I knew what I was doing was wrong and
18   against the law.  I'm very sorry for what I did.
19             THE COURT:  Thank you, sir.
20             THE DEFENDANT:  Thank you.
21             THE COURT:  Mr. Tehrani, is there anything further by
22   way of allocution?
23             MR. TEHRANI:  No, your Honor.  That's a sufficient
24   allocution.
25             THE COURT:  Does the government represent that it has

1    sufficient evidence to make a prima facie case?
2             MR. TEHRANI:  Yes, your Honor.
3             THE COURT:  Ms. Tipograph, do you know of any valid
4    legal defense that would prevail if Mr. Nibbs went to trial?
5             MS. TIPOGRAPH:  I do not, your Honor.
6             THE COURT:  Do you know of any reason why he should
7    not plead guilty?
8             MS. TIPOGRAPH:  I do not.
9             THE COURT:  Very well, then.  The plea is accepted.
10            It's the finding of the Court, in the case of the
11   United States against Jermaine Nibbs, that the defendant is
12   fully competent and capable of entering an informed plea, and
13   that his plea of guilty is knowing and voluntary and is
14   supported by an independent basis in fact, containing each and
15   every essential element of the offense.  My findings are based
16   upon Mr. Nibbs' allocution and, in addition, upon my
17   observations of him here in court today.  The plea of not
18   guilty is withdrawn.  The plea of guilty to Count One is
19   accepted and shall be entered.  The defendant is now adjudged
20   to be guilty of the offense.
21            Now, Mr. Nibbs, as you know, you'll be required to
22   meet with the probation officer and to give the officer certain
23   information to be included in the presentence report.
24   Ms. Tipograph may be present with you when you visit with the
25   probation officer if you want, but certainly both you and she

1    and the government will have the chance to read the presentence
2    report prior to sentencing.
3              Sentencing will be on October 27 at noon.
4              MS. TIPOGRAPH:  And, your Honor, I do wish to be
5    present for the interview.
6              THE COURT:  Yes, ma'am.
7              Is there anything further today, Counsel?
8              MR. TEHRANI:  Nothing from the government.  Thank you,
9    your Honor.
10             MS. TIPOGRAPH:  Nor from the defense, Judge.  Thank
11   you so much.
12             THE COURT:  Thank you.  Good afternoon, ladies and
13   gentlemen.
14                                * * *